SHAW, Justice
(dissenting).
I respectfully dissent. The issue in this case is whether Regions Bank is excepted as a member of the “Economic Class” by an exclusion in a settlement agreement (“the agreement”) or whether it is a member of the “Economic Class” by operation of an exception to that exclusion.
*9 There is no dispute that Regions and its particular claim for damages are included under the general definition of members of the Economic Class. Regions claims, however, that it is excepted from the class by an exclusion in Section 2 of the agreement. That section states, in pertinent portions:
“2.1. Notwithstanding the above [Section 1, defining the members of the class], the following individuals and Entities ... are excluded from the Economic Class.
“2.2. Excluded Individuals or Entities:
[[Image here]]
“2.2.4.... Any of the following types of Entity ... are excluded:
“2.2.4.1. Financial Institutions ... which include, by way of example, commercial banks; savings institutions; credit card issuers; credit insurers; factors or other sales finance entities; financial or investment banking entities; lending institutions; real estate mortgage or lending entities; brokers or dealers of securities, commodities, commodity contracts or loans; securities or commodities exchanges; entities serving as custodians, fiduciaries or trustees of securities or other financial assets; or entities engaged in other financial transaction intermediation, processing, reserve or clearinghouse activities .... ”
(Emphasis added.)
There is no dispute that Regions is a “Financial Institution” as contemplated by Section 2.2.4.1. It contends that it is therefore excluded as a member of the class.
On the other hand, BP P.L.C., BP Corporation North America, Inc., and BP America Inc. (hereinafter referred to as “BP”) contend that, in Section 1 of the agreement, which defines the members of the class, there is an exception to the exclusion found in - Section 2.2.4.1. The section BP identifies states:
“1.3.1.11. Businesses/Employers in Otherwise Excluded Gaming, Banking, Insurance, Funds, Defense Contractors and Developers Industries: As more fully described in Exhibit 16 and Section 5.10 below, businesses and employers in these otherwise excluded industries described in Section 2 may submit Claims only for Coastal Real Property Damage and Wetlands Real Property Damage, but are not entitled to recover under any other aspect of the Settlement.”
(Emphasis added.) BP contends that Regions, although an “otherwise excluded” banking business under Section 2, specifically, Section 2.2.4.1, is nevertheless included, under the exception to the exclusion found in Section 1.3.1.11, as a class member for its claim of real-property damage. I agree.
The main opinion notes that Section 2.1, which follows Section 1.3, begins with the phrase “[njotwithstanding the above.” Generally, such a phrase signals that the language that follows is not impacted by the language that precedes it. I agree that this is generally the case: Section 1 defines the members of the class, and Section 2.1 sets forth that certain persons and entities, despite those definitions, are not considered members of the class even though they would otherwise fit within the definitions of Section 1.
Nevertheless, I believe that a section of a document that precedes such a “notwithstanding” clause can specifically indicate that portions of it are not impacted by the following section. In other words, the part of a document that creates a general rule can indicate that a portion of the general rule is not impacted by an exception in a following portion that starts with the term *10 “notwithstanding.” Here, Section 2.1 indicates that it provides exclusions to Section 1, but Section 1.3.1.11 explicitly provides that it is not impacted by any exclusions contained in “Section 2 “businesses and employers in these otherwise excluded industries described in Section 2 may submit Claims only for Coastal Real Property Damage.... ” (Emphasis added.) Section 1.3.1.11states that “Section 2” does not apply to the entities listed in Section 1.3.1.11that have certain damage claims; Section 1.3.1.11 states that it is an exception to Section 2 and thus is also an exception to the phrase contained in Section 2 stating “[notwithstanding the above.”[3]
To hold that Section 2.1 trumps Section 1.3.1.11 (despite the , fact that Section 1.3.1.11 states that Section, 2 does not apply) would render Section 1.3.1.11 meaningless. However, “[t]he law is settled that this Court is bound to construe contracts so as to give meaning to all provisions whenever possible.” Board of Water & Sewer Comm’rs of City of Mobile v. Bill Harbert Constr. Co., 870 So.2d 699, 710 (Ala.2003). Nevertheless, the main opinion suggests that Section 1.3.1.11 still retains a function: “This section appears to do no more than give non-class members optional access to the claims-administration framework established as a result of the class settlement.” 200 So.3d at 7. I disagree; the language of Section 1.3.1.11 will not allow such optional access for nonmembers of the class. Specifically, Section 1.3.1.11 states that one “may submit Claims only for Coastal Real Property Damage.” (Emphasis added.) The term “Claim” is capitalized, signaling that it is assigned a specific definition by the agreement.[4] “Claim” is defined in Section 38.19 as “any demand or request for compensation (other than Bodily Injury Claims or Expressly Reserved Claims), together with any properly completed form and accompanying required documentation, submitted by a Claimant to the Settlement Program.” (Emphasis added.) A “Claimant,” as defined by Section 38.20, is “any Natural Person or Entity that submits a Claim to the Settlement Program seeking compensation as a member of the Economic Class.” (Emphasis added.) “Claims” are submitted to the “Settlement Program” by a “member of the Economic Class.” (Emphasis added.) Thus, non-members of the Economic Class do not submit a “Claim.” The terms of Section 1.3.1.11 thus contemplate only members of the class filing Claims. Therefore, it does not appear that Section 1.3.1.11 can be read to create an alternate process for non-members.
It is true that Section 1.3.1.11 uses permissive language, i.e., one “may submit Claims.” (Emphasis added.) The main opinion interprets this to mean that Section 1.3.1.11 allows that one may optionally participate in the “claims-administration framework” as a non-class member. I disagree. The word “may” here does not allow the option to participate in the settlement; instead, it is stating that the “only” type of “Claim” that can (“may”) be sought is “for Coastal Real Property Damage and Wetlands Real Property Dam *11 age,” “but” not for recovery “under any other aspect of the Settlement.” “May” refers to what type of Claim “may” be filed (damage to real property), and not where a Claim “may” be filed (within the claims-administration framework or somewhere else, such as a circuit court). One may file property-damage Claims (as a class member), “but” may not file for, and recover on, other types of Claims.
I think that Regions was a member of the “Economic Class” under the agreement; thus; it is barred by the doctrine of res judicata from maintaining its action in the Baldwin Circuit Court. I therefore respectfully dissent.

. Another part of the agreement recognizes that these otherwise "excluded industries” can assert damage claims; Section 5.10.4.1.1 of the agreement states: "Businesses/employers in these categories of excluded industries ['Gaming, Banking, Insurance, Funds, Defense Contractors and Developers’] are barred from recovery in the Settlement for any type of Business Economic Losses, but are permitted to pursue Coastal Real Property Damage and Wetlands Real Property Damage Claims.”

. Section 38.1 states: "For purposes of this Agreement, the following terms (designated by capitalization throughout this Agreement) shall have the following meanings.”